UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE ESHKENAZI,
and       HENRIETTE       ESHKENAZI,
individually and on behalf of all
others similarly situated,

                Plaintiffs,

vs.                                        Case No.  2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida   for   profit   corporation;
GATES, D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, LLC; FIRST
HOME BUILDERS OF FLORIDA, a Florida
general   partnership;   FIRST   HOME
BUILDERS  OF  FLORIDA  I,  LLC,  a
Florida limited liability company;
JAN   BAILLARGEON,   as   Personal
Representative  of  the  Estate  of
Frank D'Alessandro, deceased; SAMIR
CABRERA,   an   individual;   HONORA
KREITNER, an individual; BRUCE A.
ROBB,  an  individual;  and  PATRICK
LOGUE, an individual,

                Defendants.

_____

## OPINION AND ORDER

_____This matter comes before the Court on plaintiffs Randolph

Sewell, Daphne Sewell, Moses Eshkenazi, Therese Eshkenazi, and

Henriette Eshkenazi's Emergency Motion for an Order Precluding

Defendants from Contacting Class Members (Doc. #173) filed May 5,

2008.  Defendants and non-parties filed the following responses:

(i) defendants D'Alessandro & Woodyard, Inc. ("D&W") and Jan
Baillargeon's, as Personal Representative of the Estate of Frank
D'Alessandro, Memorandum Addressing Plaintiffs' Emergency Motion
(Doc. #175) filed May 19, 2008; (ii) nonparties' Opposition to
plaintiffs' Emergency Motion (Doc. #178) filed May 22, 2008; (iii)
defendant K. Hovnanian First Homes, LLC's ("KHFH") Response to
plaintiffs' Emergency Motion (Doc. #179) filed May 22, 2008; (iv)
defendants First Home Builders of Florida, LLP ("FHBF"), First Home
Builders of Florida I, LLC, and Patrick Logue's (1) Response to
plaintiffs' Emergency Motion and (2) Joinder in defendant KHFH's
Response to plaintiffs' Emergency Motion (Doc. #180) filed May 22,
2008; (v) defendant Bruce A. Robb's Response in Opposition to
plaintiffs' Emergency Motion (Doc. #186) filed June 10, 2008; (vi)
defendant Gates, D'Alessandro & Woodyard, LLC's ("GDW") Response to
plaintiffs' Emergency Motion (Doc. #190) filed June 13, 2008; and
(vii) defendant Honora Kreitner's Opposition to plaintiffs'
Emergency Motion (Doc. #191) filed June 13, 2008.

Plaintiffs assert that "Defendants (acting in concert with
various lending institutions) have sent or approved the
dissemination of correspondence . . . to putative class members
attempting to compromise and settle the class members' claims."
(Doc. #173, p. 2.) Plaintiffs request the following injunctive
relief: (i) that the Court preclude defendants or any of
defendants' agents or representatives from contacting named or
unnamed potential class members; (ii) that the Court require

-2-

defendants to provide to class counsel a list of all class members they have contacted; (iii) that the Court require defendants to provide corrective disclosures in a form approved by the Court; and (iv) that the Court conduct a full evidentiary hearing into the matters raised by this motion.  (Doc. #173, pp. 1-2.)  For the reasons stated below, the Court finds that plaintiffs' Emergency Motion should be denied.

## I.

As set forth in a First Amended Class Action Complaint ("Amended Complaint") (Doc. #82) filed October 19, 2007, this putative class action case arises from real estate investment opportunities presented and sold by defendants to plaintiffs. Defendants First Home Builders of Florida and First Home Builders of Florida I, LLC (collectively, "FHBF"), as well as defendant K. Hovnanian First Homes, LLC ("KHFH"), engage in the business of designing, building and selling single-family homes.  (Id. at ¶ 17.)  Defendants Bruce A. Robb and Patrick Logue are officers of FHBF.  (Id. at ¶¶ 15, 16.)  Defendants D'Alessandro & Woodyard, Inc. ("D&W") and Gates, D'Alessandro & Woodyard, LLC ("GDW") are real estate brokerage firms.  (Id. at ¶ 18.)  Defendants Jan Baillargeon, as Personal Representative of the Estate of Frank D'Alessandro, Samir Cabrera, and Honora Kreitner are shareholders, employees, and/or officers of D&W and/or GDW.  (Id. at ¶¶ 12-14.) Plaintiffs Randolph Sewell, Daphne Sewell, Moses Eshkenazi, Therese Eshkenazi, and Henriette Eshkenazi are individuals who purchased

properties pursuant to the investment opportunities presented by defendants, and are the named plaintiffs of the putative class.

Plaintiffs allege that in 2005, defendants promoted a "First Home Lease Purchase Investment Opportunity," whereby FHBF would refer potential home purchasers (whose credit histories or income levels precluded them from qualifying for a mortgage) to D&W and GDW, who in turn would recruit these applicants to enter into lease option agreements on new FHBF homes to be built in Lehigh Acres and Cape Coral, Florida.   (Doc. #82, ¶ 20.)   FHBF, D&W, and GDW allegedly promoted and sold these "leased-up" properties as investment opportunities to potential investors. (Id.)  Under the terms of a purchase agreement, investors were obligated to first acquire "interim 'construction financing' for the purpose of acquiring the property and constructing a home and improvements thereon, and then, upon completion of the home, to secure permanent mortgage financing, or an 'end-loan' to . . . pay off the interim construction financing loan." (Id. at ¶ 39.)  Upon construction of the home, the investor would enter into a "lease-to-own" agreement with a tenant, under which the tenant would lease the home for twelve months before having the option to purchase the home from the investor at a contractually predetermined price (approximately fourteen percent above the purchase price paid by the investor). (Id.)

Plaintiffs further assert that defendants made various representations and guarantees, none of which were fulfilled,

including: (i) that "tenants would be provided for each property purchased"; (ii) that "investors would receive a fourteen percent (14%) rate of return on each investment property based upon a tenant occupying, and then purchasing, the property"; (iii) that "no cash outlay would be required other than the initial down payment"; and (iv) that "[FHBF] and/or D&W and/or GDW would take care of everything, including, but not limited to, the procurement of tenants through their sole efforts." (Id. at ¶24.)   Plaintiffs also claim to have sustained the following damages: (i) risk of losing or actual loss of property; (ii) costs associated with defending foreclosure proceedings in state court; (iii) damage to credit rating; and (iv) "substantial out-of-pocket expenses relating to the acquisition and financing of their investment properties, including but not limited to (a) contract deposits, (b) closing costs, (c) financing costs, (d) real property taxes . . . and (e) legal fees and related costs."   (Doc. #82, ¶¶ 49-50.)

     Plaintiffs' nine-count Amended Complaint alleges the following claims: (i) violation of Section 12(a)(2) of the Securities Act; (ii) "controlling person" liability under Section 15(A) of the Securities Act; (iii) fraud in violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5; (iv) "controlling person" liability under Section 20(A) of the Securities Exchange Act; (v) violation of Sections 1703(a)(1)(A) and (B) of the Interstate Land Sales Full Disclosure Act; (vi) fraud in violation of Sections 1703(a)(2)(A)-(C) of the Interstate Land Sales Full Disclosure Act;

(vii) breach of contract; (viii) breach of duty of good faith and fair dealing; and (ix) deceptive and unfair trade practices. Plaintiffs also seek class certification of the following class:

> All persons who purchased one or more real properties for investment purposes from First Home Builders in either Cape Coral or Lehigh Acres, Florida between September 1, 2003 and December 31, 2005 (the 'Class Period'), based upon representations made by First Home Builders or any of its agents, including, but not limited to the real estate brokerage firm of D'Alessandro & Woodyard, Inc., that: (a) investors would receive a fourteen percent return on their investment based upon a tenant occupying, and then purchasing, the property; (b) the tenants for each property would be procured solely through the efforts and expertise of First Home Builders and/or D'Alessandro and Woodyard (and/or their respective affiliates or co-brokers); and (c) no cash outlay would be required from investors other than the initial down payment would be required.

(Doc. #82, ¶ 52.)

## II.

In controlling a class action proceeding, a district court may issue orders that impose conditions on the representative parties or on intervenors. FED. R. CIV. P. 23(d)(C). This includes orders, in appropriate situations, restricting the communications between representative parties and their counsel and putative class members. Gulf Oil Co. v. Bernard, 452 U.S. 89, 99-100 (1981). Such an order, however, may not be issued unless there is actual or threatened misconduct of a serious nature, Great Rivers Coop. v. Farmland Indus., 59 F.3d 764, 766 (8th Cir. 1995), and must be based on a clear record, contain specific findings that reflect a weighing of the need for a limitation and the potential

interference with the rights of the parties, and be as narrowly drawn as possible. Gulf Oil Co., 452 U.S. at 101-102.

To the extent that plaintiffs essentially seek a preliminary injunction against defendants, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. SunTrust Bank, 252 F.3d at 1166. The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

## III.

As their factual basis for relief, plaintiffs provide as a "representative sample" a set of unsigned settlement documents between a non-party financial entity titled "TECH Credit Union" ("TECH") and individuals named Linda M. Clifford ("Clifford") and Kathleen A. Payne ("Payne"). (Doc. #173-2.) While plaintiffs do not provide factual support, it would appear that they claim Ms. Clifford and Ms. Payne are potential members of the putative class

defined in the Amended Complaint.  In the settlement documents the parties agree that TECH will accept a deed in lieu of foreclosure as satisfaction for the indebtedness of Ms. Clifford and Ms. Payne, with full releases of various non-parties and defendants KHFH, FHBF, and individuals Bruce A. Robb and Patrick Logue (as officers of FHBF).  (Doc. #173-2, pp. 2-3.)  Plaintiffs claim that without a preliminary injunction two types of injury will occur: (1) the class action process will be undermined by defendants "undertaking a course of action to settle claims of class members without properly advising class members that there is a pending class action in which the class members' rights are being represented by counsel;" (Doc. #173, p. 7) and (2) putative class members will be misled by defendants into settling their potential claims without being informed that "they may be incurring a significant tax liability by entering into the settlement, which involves the forgiveness of outstanding loan debt."  (Id.)

### A.

It is clear that there are on-going relationships between putative class members and various financial institutions resulting from the real estate transactions which are the basis for this litigation.  Plaintiffs essentially seek to stop the financial institutions and their customers from resolving their dispute outside the confines of this potential class action litigation.  No financial institution is a party to this action, and the Court lacks the authority to bind a non-party, Taylor v. Sturgell, No.

07-371, 2008 WL 2368748 (June 12, 2008), or to impose injunctive relief on a non-party. Fleming Cos. v. Abbott Lab. (In re Infant Formula Antitrust Litig.), 72 F.3d 842 (11th Cir. 1995). See also Tankersley v. Fisher, No. 3:07cv154-RV-EMT, 2007 WL 4145867, at *4 (N.D. Fla. 2007) ("[T]he persons from whom the injunctive relief is sought must be parties to the underlying action.").

**B.**

Plaintiffs have not made a sufficient showing of abuse or threatened abuse to justify a preliminary injunction against any of the defendants.  Only two of the defendants, KHFH and FHBF (along with two of FHBF's officers) are released by the settlement agreement with TECH, and there is no indication that either defendant was the motivating or soliciting party to the agreement. The Court notes that pursuant to the Private Securities Litigation Reform Act, it was plaintiffs' responsibility to publish notice of the lawsuit:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i) (1995).  Either plaintiffs complied with their statutory obligation and putative class members have

been placed on notice, or plaintiffs have not complied and cannot be heard to complain of the lack of notice.

The Court also does not accept plaintiffs' legal position that their counsel already represents all absent putative class members. Plaintiffs state: "As a matter of law, all putative class members whether 'representative' (i.e. named) or 'absent' are represented by class counsel and class counsel is duty bound to protect the interests of all class members equally, whether or not they are named in the Complaint." (Doc. #173, p. 6.) While a rather breathtaking assumption of professional responsibility, the Court doubts that an attorney client relationship currently exists between class counsel and putative class members. Such a current relationship would seem to be at odds with the court's ability to significantly limit counsel's communications with "clients." E.g., Jackson v. Motel 6 Multipurpose, 130 F.3d 999 (11th Cir. 1997).

Plaintiffs have not shown that there is an unknown potentially "significant tax liability" based upon "the forgiveness of outstanding loan debt" which would be meaningfully different than the potential tax liability of the money damages judgment they seek. Additionally, the settlement documents specifically disclose that TECH may be required to report the deed in lieu of foreclosure to the Internal Revenue Service. (Doc. #173-2, ¶ 8.)

Accordingly, it is now

**ORDERED**:

-10-

Plaintiffs' Emergency Motion for an Order Precluding Defendants from Contacting Class Members (Doc. #173) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record