UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORTIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE
SEWELL, MOSES ESHKENAZI, THERESE
ESHKENAZI, and HENRIETTE ESHKENAZI
individually and on behalf                                   Case No.: 2:07-cv-00343-JES-SPC
of all others similarly situated,

     Plaintiffs,

v.

D'ALESSANDRO & WOODYARD, INC.,
a Florida for-profit corporation; GATES,
D'ALESSANDRO & WOODYARD, LLC, a
Florida limited liability company; K. HOVNANIAN
FIRST HOMES, L.L.C., a New Jersey limited
liability company; FIRST HOME BUILDERS
OF FLORIDA, a Florida general partnership; FIRST
HOME BUILDERS OF FLORIDA I, LLC, a Florida
limited liability company; JAN BAILLARGEON,
as Personal Representative of the Estate of Frank
D'Alessandro, deceased; SAMIR CABRERA, an
individual; HONORA KREITNER, an individual,
BRUCE A. ROBB, and individual, and PATRICK
LOGUE, an individual,

     Defendants.

_____/

## K. HOVNANIAN FIRST HOMES, LLC'S
## <u>MOTION FOR RECONSIDERATION</u>

Defendant, K. Hovnanian First Homes, LLC ("KHFH"), hereby moves this Court to

reconsider its Opinion and Order dated September 10, 2009 (the "Order") on Defendants'

motions to dismiss.  This motion is based on the following grounds:

In its Order the Court denied KHFH's motion to dismiss each of Count VII (Breach of

Contract), Count VIII (Breach of Duty of Good Faith and Fair Dealing) and Count IX

(FDUTPA), of the Second Amended Complaint for the same reason—that parole evidence of the promises underlying the breach of contract and FDUTPA claims might be admissible. The Court acknowledged that "each Purchase Agreement contained a clause that disclaimed the terms which plaintiffs now claim were breached." (Order at 59). The Court further acknowledged that generally "when interpreting contracts under Florida law, [the Eleventh Circuit] 'gives[s] effect to the plain language of contracts when the language is clear and unambiguous.'" (Order at 60, citing *Equity Lifestyle Props., v. Fla. Mowing & Lanscape Serv.,* 556 F.3d 1232, 1242 (11th Cir. 2009)). Nevertheless, relying on the Eleventh Circuit's decision in *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1309-1310 (11th Cir. 1998), the Court held that Florida law recognizes an exception to the parole evidence rule "that may allow the introduction of parole evidence of an agreement which induced the execution of the written contract." (Order at 60). Based on its conclusion that parole evidence might be admissible, the Court determined that it could not grant KHFH's motion to dismiss any of Counts VII, VIII or IX of the Second Amended Complaint. (Order at 60-61, 63).

Following its decision in *Johnson Enters.,* however, the Eleventh Circuit revisited the inducement exception to the parole evidence rule, and determined that "under Florida law, the inducement exception does not apply where 'the alleged oral agreement relate[s] to the identical subject matter embodied in the written agreement and… directly contradict[s] an express provision of the written agreement.'" *Ungerleider v. Gordon*, 214 F.3d 1279, 1282 (11th Cir. 2000) (internal citation omitted). The Eleventh Circuit analyzed in detail the evolution of Florida law on the inducement exception to the parole evidence rule, and concluded: "[i]n sum, the inducement exception permits parole evidence of a contemporaneous oral agreement to

2

'vary, change, or reform' a written instrument, **but not to directly contradict it**." *Id.* at 1284 (emphasis added; internal citations omitted).

This limitation on the inducement exception to the parole evidence rule is directly applicable to this case.

Beginning at page 25 of the Order and continuing through page 27, this Court compared the disclaimers in the written Purchase Agreements with the alleged promises underlying the alleged investment opportunity presented to Plaintiffs, and concluded that the disclaimers "directly contradicted [Plaintiffs'] understanding of the investment opportunity." (Order at 26). The Court determined, in fact, that "[r]easonable investors, faced with these fundamental discrepancies between what they had been told orally and in writing and the terms of their Purchase Agreements, would have been on inquiry notice that something was amiss with the "investment opportunity" promoted by these defendants. The Purchase Agreements negated the entire *raison d'etre* of the proposed investment." (Order at 27).

In view of this Court's conclusion that the disclaimers in the written Purchase Agreements "directly contradicted" the alleged promises that form the basis of Plaintiff's breach of contract and FDUTPA claims, this case falls squarely within the exclusion to the inducement exception recognized by the Eleventh Circuit in *Ungerleider*. The inducement exception to the parole evidence rule thus cannot apply in this case, and the alleged promises are not admissible to override the express disclaimers of the written Purchase Agreements.

For this reason, KHFH respectfully requests that this Court reconsider its Order and dismiss Counts VII, VIII, and IX of the Second Amended Complaint.

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendants
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Fax:        (305) 374-7593


BY:   s/ Robert W. Turken
        ROBERT W. TURKEN, ESQ.
        Florida Bar No. 306355
        Rturken@Bilzin.com
        MELISSA PALLETT-VASQUEZ
        Florida Bar No.  715816
        Mpallett@bilzin.com


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2009, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF

on:

Gary C. Rosen
grosen@becker-poliakoff.com
Daniel L. Wallach
dwallach@becker-poliakoff.com
Attorneys for Plaintiffs
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, FL 33310-9057
Telephone: 954-985-4133
Facsimile: 954-985-4176

Philip J. Snyderburn, Esq.
psnyderburn@srslaw.net
William Rishoi, Esq.
wrishoi@srslaw.net
Attorney for D'Alessandro & Woodyard, Inc. and Frank D'Alessandro
Snyderburn, Rishoi & Swann
Ste 420
258 Southhall Ln
Maitland, FL 32751
Telephone: 407-647-2005
Facsimile: 407-647-1522

Charles Wachter, Esq.
charles.wachter@hklaw.com
Attorneys for Defendants First Home Builders of Florida and First Home Builders of Florida I, LLC
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: 813-227-8500
Fax: 813-229-0134

Ronald L. Buschbom, Esq.
Rbuschbom@conroysimberg.com
Attorneys for Defendant Honora Kreitner
Conroy, Simberg, Ganon, Krevans,
Abel, Lurvey, Morrow & Schefer, PA
4315 Metro Parkway, Suite 250
Ft. Myers, FL 33916
Telephone: 239-337-1101
Facsimile: 239-334-3383

Barry Postman, Esq.
barry.postman@csklegal.com
Attorneys for Defendant Samir Cabrera
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
Telephone: (561) 383-9234
Facsimile: (561) 683-8977

5

Jon Douglas Parrish, Esq.
jonparrish@napleslaw.us
Attorneys for Defendant Gates D'Alessandro
Parrish, Lawhon & Yarnell, P.A.
3431 Pine Ridge Rd., Suite 101
Naples, FL 34109
Telephone: 239-566-2013
Facsimile: 239-566-9561

Ronald Sturgis Holliday, Esq.
ronald.holliday@dlapiper.com
Steven Douglas Knox, Esq.
douglas.knox@dlapiper.com
Attorneys for Bruce Robb
DLA Piper Rudnick Gray Cary US, LLP
Suite 2000
101 East Kennedy Blvd.
Tampa, FL  33602-5148

Lynn W. Sherman
lsherman@hwhlaw.com
The National Credit Union Administration Board
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL 33601
(813) 221-3900
(813) 221-2900 (fax)

                                        s/ Robert W. Turken
                                        Robert W. Turken