UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE ESHKENAZI,
and HENRIETTE ESHKENAZI,
individually and on behalf of all
others similarly situated,

           Plaintiffs,

vs.                          Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida for profit corporation;
GATES, D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, LLC, a
Florida limited liability company;
FIRST HOME BUILDERS OF FLORIDA, a
Florida general partnership; FIRST
HOME BUILDERS OF FLORIDA I, LLC, a
Florida limited liability company;
JAN BAILLARGEON, as Personal
Representative of the Estate of
Frank D'Alessandro, deceased; SAMIR
CABRERA, an individual; HONORA
KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK
LOGUE, an individual,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on K. Hovnanian First Homes, LLC's Motion for Reconsideration (Doc. #292) and Defendant Bruce A. Robb's Motion for Reconsideration and Extension of Time to File Answer to Second Amended Complaint (Doc. #295). Defendants ask the court to reconsider a portion of its Opinion and Order (Doc. #290). Sewell v. D'Alessandro & Woodyard, Inc., 655 F.

Supp.2d. 1228 (M.D. Fla. 2009). No responses have been filed, and the time to respond has expired.

In that Opinion and Order, the Court denied defendants' motions to dismiss Count VII, a breach of contract claim, because parol evidence may be admissible under the Florida inducement exception to the parol evidence rule. While not disputing that Florida law contains an inducement exception, defendants assert that the Court overlooked a decision which provides that the exception is not applicable in the circumstances of this case. Defendants rely upon <u>Ungerleider v. Gordon</u>, 214 F.3d 1279, 1282 (11th Cir. 2000) for the proposition that "under Florida law, the inducement exception does not apply where 'the alleged oral agreement relate[s] to the identical subject matter embodied in the written agreement and . . . directly contradict[s] an express provision of the written agreement." (Doc. #292, p. 2)(quoting <u>Ungerleider</u>, 214 F.3d at 1282 (citations omitted)).

<u>Ungerleider</u> correctly summarized Florida law: "In sum, the inducement exception permits parol evidence of a contemporaneous oral agreement to vary, change, or reform a written instrument, [ ] but not to directly contradict it." 214 F.3d at 1284 (internal quotations and citation omitted). As <u>Sunset Pointe at Silver Lakes Assocs. Ltd. v. Vargas</u>, 881 So. 2d 12, 13 (Fla. 4th DCA 2004) more recently stated, "[t]he inducement exception, however, does not apply where the oral statement directly contradicts the written agreement."

-2-

In Count VII, plaintiffs allege that defendants breached their contractual promises to provide them with (a) a guaranteed tenant, (b) a fourteen percent annual rate of return, and (c) no out-of-pocket expenses other than their initial contract deposit. (Doc. #205, ¶ 137.)  The written agreements make no such promises, so the only possible basis for such a breach of contract claim would be the existence of contemporaneous oral agreements.  As noted above, Florida law bars such testimony if the oral agreements "directly contradict" the written agreements.  Each of the Purchase Agreements contained the following provision:

> Buyer further acknowledges that Builder/Seller had made no guarantees that relate to appreciation of the value of this home or any other real estate, to the rental rates or vacancy factors associated with any real estate, nor to the ability to secure renters or subsequent buyers for this home or any other real estate.

The Court finds that this contractual provision directly contradicts the alleged oral agreements in (a) and (b) of ¶ 137, Second Amended Class Action Complaint, and therefore parole evidence will not be admissible.  The Court finds that the contractual provision does not refer to, and therefore does not directly contradict, the out-of-pocket expenses alleged in (c). The contract provision governs over the contrary allegations in the Second Amended Complaint, <u>Griffin Indus., Inc. v. Irvin</u>, 496 F.3d 1189, 1205-06 (11th Cir. 2007), and therefore the Court will strike the allegations of (a) and (b) of ¶ 137 in Count VII.  The motions to dismiss the entire count will otherwise continue to be denied.

Count VIII alleges that defendants breached an implied duty of good faith and fair dealing inherent in the contract by failing to use good faith and best efforts to procure tenants to rent and then purchase the properties purchased (Doc. #205, ¶ 140).  Since the purchase agreements directly contradict any promise to perform such a task, Count VIII will be dismissed.

Count IX alleges a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).  Defendants had argued that the provisions in the Purchase Agreements diminished the probability that a "reasonable consumer" would have been deceived and that injury would have been caused to a "reasonably relying consumer."  The Court denied defendants' motion to dismiss because of the possibility of the admission of parol evidence (Doc. #290, p. 63).  While parol evidence related to (a) and (b) of ¶ 137 will not be admissible, the Court cannot say that the factual allegations in (c) and the incorporated first 63 paragraphs are so undermined that this fraud-related claim is no longer plausible within the meaning of the motion to dismiss standard.  Therefore, the Court continues to deny the motion to dismiss as to this count.

Accordingly, it is now

**ORDERED:**

1. K. Hovnanian First Homes, LLC's Motion for Reconsideration (Doc. #292) is **GRANTED** to the extent the Court has reconsidered its Opinion and Order (Doc. #290).  After such reconsideration, it is

ordered that The Opinion and Order (Doc. #290) is **amended** as follows:  The prior motions to dismiss (Docs. ## 259, 260, 263, 265) relating to Count VII are **GRANTED** as to ¶ 137(a) and ¶ 137(b), which claims are stricken, but the motions remain **DENIED** as to ¶ 137(c); and the motions are **GRANTED** as to Count VIII, which is dismissed in its entirety.  No change is made as to Count IX.

2. Defendant Bruce A. Robb's Motion for Reconsideration (Doc. #295) is **GRANTED** to the extent the Court has reconsidered its Opinion and Order (Doc. #290).  After such reconsideration, it is ordered that no change be made to that Opinion and Order as it relates to defendant Robb and Count IX.

3.  Defendant Bruce A. Robb's Motion for Extension of Time to File Answer to Second Amended Complaint (Doc. #295) is **DENIED AS MOOT** in light of the September 23, 2009 Order (Doc. #307).

4.  Pursuant to the prior Orders of the magistrate judge (Docs. ##298, 300, 301, 304, 306-309), Answers and Affirmative Defenses shall be filed within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.  No extensions will be granted.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of April, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record