UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE
ESHKENAZI and HENRIETTE
ESHKENAZI, individually &
on behalf of all others
similarly situated,

      Plaintiffs,

v.

                          CASE NO. 2:07-cv-00343-JES-SPC

D'ALESSANDRO & WOODYARD, INC.,
a Florida for-profit corporation;
GATES, D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, LLC,
a New Jersey limited liability company;
FIRST HOME BUILDERS OF FLORIDA,
a Florida general partnership; FIRST
HOME BUILDERS OF FLORIDA I, LLC,
a Florida limited liability company;
FRANK D'ALESSANDRO, an individual;
SAMIR CABRERA, an individual; and
HONORA KREITNER, an individual,

      Defendants.
_____/

## THE ESTATE'S MERCK MEMORANDUM

      COMES NOW DEFENDANT, JAN BAILLARGEON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FRANK D'ALESSANDRO, DECEASED ("THE ESTATE"), by and through the undersigned counsel, files a Memorandum as suggested in the Court's order of May 4, 2010 (Doc. 354) and Merck & Co. v. Reynolds, ___ S. Ct ___ 2010 WL 1655827 (April 27, 2010) and states:

## ISSUE

The United States Supreme recently held in Merck that the statute of limitations for Rule 10(b)-5 fraud starts to run at the earlier of when a plaintiff discovers or a reasonably diligent plaintiff would have discovered the fraud. What makes Merck unique is that discovery of the fraud must now include discovery of facts that reveal the fraud was done with scienter (i.e., under Merck, it doesn't start until a reasonable plaintiff would recognize that he or she was intentionally misled).

## POSSIBLE IMPACT ON THE COURT'S OPINION AND ORDER DATED 9/10/09 (DOC 290)

In its Opinion and Order, ("Opinion") this court dismissed the 10(b)-5 claims (Counts III and IV) of Moses Eshkenazi, Therese Eshkenazi and Henriette Eshkenazi (collectively the "Eshkenazis") on statute of limitation grounds and based its dismissal on traditional inquiry notice.[1] The court did not dismiss the 10(b)-5 claims of Randolph and Daphne

---

[1] The court's Opinion addressing Counts I and II involving 12(a)(2) of the Securities Act of 1933, 15 USC §77L(a)(2) are not impacted by Merck because the 12(a)(2) limitation period, set forth in 15 USC §77m, provides that the one year period in §77m begins as soon as a reasonable plaintiff should have discovered (or the plaintiff in question did discover, if earlier) the untrue statement or omission, not when the plaintiff learned or should have learned he or she was deliberately misled (i.e., traditional inquiry notice is still mandated by the statutory language in 77m as it should be because 12(a)(2) does not require scienter and the period runs out one year after notice).

2

Sewell on limitation grounds. Their 10(b)-5 claims were dismissed for a failure to properly plead fraud with the requisite specificity. Had the court not dismissed the 10(b)-5 claims of the Eshkenazi Plaintiffs on limitation grounds, it appears it would have dismissed them for a failure to properly plead fraud, just as it did with the Sewells' 10(b)-5 claims. Thus, even if Merck has modified "inquiry notice" as to require an amendment to the court's Opinion dismissing the Eshkenazis' 10(b)-5 claims, the net result of the dismissals by the court of the 10(b)-5 claims should not change (i.e., the result should not change unless the Eshkenazis, unlike the Sewells, properly pled fraud against one or more of the Defendants). The Estate would argue that the Eshkenazis did not, at least as to the Estate, come as close to pleading 10(b)-5 fraud as did the Sewells.

BACKGROUND - THE ESHKENAZIS' ALLEGATIONS AGAINST THE ESTATE

In its Opinion, the court dismissed four of the six counts the Eshkenazis brought against the Estate.

The Amended Complaint had added the three Eshkenazi Plaintiffs. These new Plaintiffs remained in the Second Amended Complaint when the Estate moved to dismiss all six counts for, amongst other things, a failure to state a claim. The Second

Amended Complaint, like the Amended Complaint, does not allege any facts supporting any dealings between Frank D'Alessandro and the Eshkenazis (or between Frank D'Alessandro's alleged company, D'Alessandro & Woodyard, Inc. ("D&W") and the Eshkenazis). Thus, the Second Amended Complaint establishes that the Eshkenazis never had any dealings with Frank D'Alessandro or his alleged company, D&W. *See* ¶¶ 33, 37 and 39 of the Second Amended Complaint (Doc 205).

Paragraphs 33, 37 and 39 do establish that the Eshkenazis dealt with Defendant First Home Builders. Paragraphs 33, 37 and 39 allege:

> 33. FIRST HOME BUILDERS made similar representations to the Eshkenazi Plaintiffs. In December 2004, Reed Schweizer, a salesperson with FIRST HOME BUILDERS (and the recipient of the "Rookie Salesperson of the Year" Award for 2004 from the National Association of Homebuilders) orally represented to the Eshkenazi Plaintiffs during a meeting in Fort Myers that: (a) tenants would be procured for each investment property through the efforts of FIRST HOME BUILDERS (B) THE Eshkenazis would receive a fourteen (14%) percent rate of return on their investment based upon a tenant occupying, and then purchasing, the property; (c) there would be no out-of-pocket cost other than the initial down payment; and (d) the tenant procured by FIRST HOME BUILDERS would ultimately purchase the property from Plaintiffs.
>
> 37. Similarly, based upon the foregoing representations, the other named Plaintiffs

4

> in this action [, the Eshkenazis,] purchased the following investment properties from FIRST HOME BUILDERS.
>
> a) *Henriette Eshkenazi*
>
> | Date | Address of Real Property | Purchase Price |
> |---|---|---|
> | 11/07/06 | 1225 Cellini, Lehigh Acres, FL | $183,410,00 |
> | 3/25/05 | 1030 Graystone, Lehigh Acres, FL | $193,410.00 |
>
> The average down payment for the above-listed investment properties was $750.00
>
> *Moses Eshkenazi and Therese Eshkenazi*
>
> | Date | Address of Real Property | Purchase Price |
> |---|---|---|
> | 3/23/05 | 565 McArther Blvd, Lehigh Acres, FL | $188,410.00 |
> | 9/29/06 | 1219 Fogia Street, Lehigh Acres, FL | $194,980.00 |
> | 3/23/05 | 600 N.W. 30th Ter., Cape Coral, FL | $218,410.00 |
> | 3/23/05 | 3127 N.W. 17th Ave., Cape Coral, FL | $220,879.00 |

The average down payment for the above-listed properties was $1,750.00. And, just as with the Sewells, none of the Eshkenazi Plaintiffs were represented by counsel during this time-period.

> 39. Following the execution of the purchase agreements, FIRST HOME BUILDERS (in the case of the Eshkenazi Plaintiffs) and D&W (in the case of the Sewell Plaintiffs) arranged for the Plaintiffs to receive interim construction financing from their preferred lenders, which included, among other, (a) First Florida Bank, (b) Construction Loan Company and (c) Norlarco Credit Union. Plaintiffs had no direct dealings with any of these lending institutions or credit union. All communications with the lender regarding the specifics of the construction loans were handled solely by representatives and affiliates of FIRST HOME BUILDERS and D&W.
> [End of paragraph 39]

5

In its Opinion, the Court dismissed the three securities fraud claims of the Eshkenazis against the Estate on statute of limitation grounds (Counts II-IV) and dismissed their land sales fraud count under the ILSFDA for failure to state a claim (Count VI). Count I alleging section 12(a)(2) securities fraud and Counts VII and VII alleging breach of contract, do not name the Estate.

The Eshkenazis' Count V, alleging a failure to file a "statement of record" with HUD and to provide a "property report" to prospective land purchasers under ILSFDA, was not dismissed nor was Count IX alleging unfair trade practices under the FDUTPA. Thus, these two Eshkenazi counts are pending against the Estate.[2]

## MERCK'S POSSIBLE IMPACT ON THIS COURT'S OPINION

As previously noted, Merck addresses the issue of when the statute of limitations for an action founded on §10(b) of the Securities Exchange Act of 1934 begins to run. See 48 Stat. 891 as amended, 15 U.S.C. §78j(b); SEC Rule 10b-5, 17 CFR §240.106-5(b) (2009). The relevant statute of limitations is 28

---

[2] The court may want to reconsider that portion of the Opinion allowing Counts V and IX of the Eshkenazis against the Estate to remain as the Eshkenazis have pled that they only dealt with First Home Builders in the Second Amended Complaint. See Doc 151 and 161 where the Estate makes this argument in its earlier memorandums.

U.S.C. §1658(b) which provides that a private right of action involving a claim of fraud under Rule 10b(5) may be brought not later than the earlier of:

(1) two years after the discovery of the facts constituting the violation; or

(2) five years after such violation.

In Merck, the Court focuses on the language which states "two years after the discovery of the facts constituting the violation" and not the five-year statute of repose language. Because Merck addresses the two year limitation period for Rule 10(b)-5 counts, that portion of the Opinion dismissing the Eshkenazis' Counts III and IV on statute of limitation grounds could be impacted by Merck. See Doc 290, pages 22-28 and 31-32.

First, Merck defines the word "discovery" in subparagraph (1) of §1658(b) as follows:

> We consequently hold that "discovery" as used in this statute [§1658b] encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known [Emphasis Supplied].

Merck goes on to hold that discovery of a material misstatement or omission without the additional discovery of an intent to deceive, will not start the running of the two year period. In effect, holding that the limitation period does not

commence until a plaintiff has or a reasonably diligent plaintiff would have discovered an intent to deceive or scienter. However, a plaintiff still needs to plead intent or scienter under <u>Tellabs, Inc. v. Makor Issues & Rights, LTD</u>, 551 U.S. 308, 319, 127 S Ct 2499, 168 L Ed. 2d 19 (2007). This the Eshkenazis have not done, especially against the Estate, <u>supra</u>[3].

In <u>Merck</u>, the plaintiffs were aware of a reasonably perceived innocent or negligent misrepresentation by Merck outside the two year window but unaware of any intent to deceive until shortly before they filed (became reasonably aware of an intent to deceive inside the window).

<u>**CAN RULE 10(b)-5 STATUTE OF LIMITATION INTENT BE PLED BY A PLAINTIFF WHEN THAT SAME PLAINTIFF CANNOT PLEAD SCIENTER UNDER TELLABS?**</u>

The apparent innocent or negligent representations in this case (a promise of a tenant that would eventually purchase the home for a handsome profit with nothing more than a down payment) probably became more than innocent when the Eshkenazis

---

[3] The Estate would note, as it did in footnote two of its memorandum, that the Eshkenazi Plaintiffs do not appear to have alleged facts supporting the two counts that were not dismissed as to the Estate (i.e., if there are no allegations in the Second Amended Complaint of any dealings between Frank D'Alessandro or his alleged company, D&W, then the Eshkenazis have probably not alleged a claim for non-compliance with ILSFDA's "statement of record" or "property report" requirements (Count V), a claim for deception under FDUTPA (Count IX) or a claim for 10(b)-5 (Counts III and IV).

read their purchase agreements (or would have become more than innocent to a reasonably diligent plaintiff upon a reading).

Thus, unlike Merck, where a reasonably diligent plaintiff should not have discovered Merck's intent outside the two year window, here a reasonably diligent plaintiff should have (upon reading the purchase agreements). A reasonably diligent plaintiff would not, after being promised a tenant and a handsome return, have signed the purchase agreements that disclaimed a tenant and a handsome return. A reasonably diligent plaintiff would have refused to sign or insisted that the disclaimer language be deleted before signing. Either that or a reasonable plaintiff would have signed the purchase agreements with the disclaimers still in the agreements because he or she understood that the earlier so-called promises were merely sales talk.

But assuming they were more than sales talk, the Eshkenazis were on notice or should have been, of the transformation of the apparent innocent oral promises, when they read the purchase agreements. Additionally, any cause for Rule 10(b)-5 fraud growing out of these earlier promises died when, after reading, they signed the purchase agreements. Having read the purchase agreements, which the Eshkenazis are presumed to

9

have done, and having signed the purchase agreements, which they did, they did one of three things that negatively impacted their cause: (1) They started the limitation period which ran before they filed this lawsuit; (2) they lost their ability to plead 10(b)-5 fraud based on the facts; or (3) they did both (1) and (2). The Estate would argue that they definitely lost their ability to plead 10(b)-5 fraud based on the facts and probably started the limitation period running. They did (2) and probably did (1).

In any event, this case may be one of those unusual cases where the plaintiff has pled 10(b)-5 intent which would start the statute of limitation and also acted in such a way that he or she is unable to state a claim under 10(b)-5. This is true because the conduct that showed intent by the defendant was ignored by the plaintiff when he or she decided to sign on and go forward with the transaction anyway. It would be similar to the plaintiff/patient in Merck having knowledge of Merck's scienter and deciding to continue to take Vioxx anyway and then arguing the limitation period did not start when the patient had knowledge of Merck's scienter (i.e., "heads I win, tails you lose").

10

## CONCLUSION

It is hard to imagine that Merck contemplates changing the start date for the 10(b)-5 limitation period to some date after a plaintiff reads and signs an agreement when the agreement disclaims earlier key oral representations that are the basis for the plaintiff's 10(b)-5 fraud. However, assuming such conduct by a reasonable plaintiff would not start the 10(b)-5 limitation period, the Eshkenazis have not stated a claim for 10(b)-5 fraud under Tellabs, especially against the Estate.

Respectfully submitted,

_/s/ signature_

WILLIAM M. RISHOI, ESQUIRE
Florida Bar No. 0319211
E-Mail: wrishoi@srslaw.net
PHILIP J. SNYDERBURN, ESQUIRE
Florida Bar No. 0202592
E-Mail: psnyderburn@srslaw.net
Snyderburn, Rishoi & Swann, LLP
258 Southhall Lane, Suite 420
Maitland, Florida 32751
Telephone:  (407) 647-2005
Facsimile:  (407) 647-1522

*Attorney for Defendant,*
*Jan Baillargeon, as Personal*
*Representative of the Estate of*
*Frank D'Alessandro*

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on:

| | | |
|---|---|---|
| Jack C. Auspitz, Esquire<br>Morrison & Foerster, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212/468-8000<br>212/468-7900 (fax)<br>jauspitz@mofo.com | representing | **Bruce Robb**<br>*(Defendant)* |
| Allison S. Bernstein, Esquire<br>Butzel Long<br>Suite 330<br>125 Worth Ave.<br>Palm Beach, FL 33480<br>561/659-8660<br>561/659-8679 (fax)<br>bernstein@butzel.com | representing | **Samir Cabrera**<br>*(Defendant)* |
| Ronald L. Buschbom, Esquire<br>Conroy, Simberg, Ganon,<br>Krevans & Abel, PA<br>Suite 250<br>4315 Metro Pkwy<br>Ft Myers, FL 33916<br>239/337-1101<br>239/334-3383 (fax)<br>rbuschbom@conroysimberg.com | representing | **Honora Kreitner**<br>*(Defendant)* |

| | | |
|---|---|---|
| **Raquel M. Fernandez, Esquire**<br>Cozen O'Connor<br>Suite 4410<br>200 S Biscayne Blvd<br>Miami, FL 33131<br>305/704-5943<br>305/704-5955 (fax)<br>rfernandez@cozen.com | representing | K. Hovnanian First Homes, LLC<br>*(Defendant)* |
| **Ronald Sturgis Holliday, Esquire**<br>DLA Piper US, LLP<br>Suite 2200<br>100 N Tampa St<br>Tampa, FL 33602-5809<br>813/229-2111<br>813/371-1160 (fax)<br>ronald.holliday@dlapiper.com | representing | Bruce Robb<br>*(Defendant)* |
| **Stacy L. Kaplan, Esquire**<br>Morrison & Foerster, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212/468-8000<br>212/468-7900 (fax)<br>skaplan@mofo.com | representing | Bruce Robb<br>*(Defendant)* |
| **Jamie A. Levitt, Esquire**<br>Morrison & Foerster, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212/468-8000<br>212/368-7900 (fax)<br>jlevitt@mofo.com | representing | Bruce Robb<br>*(Defendant)* |

| | | |
|---|---|---|
| **Perdita Martin, Esquire**<br>Fowler White Boggs<br>Suite 1700<br>501 E Kennedy Blvd<br>Tampa, FL 33602<br>813/222-1191<br>813/229-8313 (fax)<br>pmartin@ghblaw.com | representing | First Home Builders Of Florida<br><br>First Home Builders of Florida I, LLC<br><br>Patrick Lodge *(Defendant)* |
| **Gianluca Morello, Esquire**<br>Wiand Guerra King, PL<br>Suite 600<br>3000 Bayport Dr<br>Tampa, FL 33607<br>813-347-5100<br>813-347-5155 (fax)<br>gmorello@wiandlaw.com | representing | First Home Builders Of Florida<br><br>First Home Builders of Florida I, LLC<br><br>Patrick Lodge *(Defendant)* |
| **Melissa Cade Pallett-Vasquez, Esquire**<br>Bilzin Sumberg Baena Price & Axelrod, LLP<br>Suite 2500<br>200 S Biscayne Blvd<br>Miami, FL 33131-5340<br>305/350-2393<br>305/351-2298 (fax)<br>mpallett@bilzin.com | representing | K. Hovnanian First Homes, LLC *(Defendant)* |

| | | |
|---|---|---|
| Jon Douglas Parrish, Esquire<br>Parrish, Lawhon & Yarnell, PA<br>Suite 101<br>3431 Pine Ridge Rd<br>Naples, FL 34109<br>239/566-2013<br>239-566-9561 (fax)<br>jonparrish@napleslaw.us | representing | Gates, D'Alessandro & Woodyard, LLC<br>*(Defendant)* |
| Alejandro Perez, Esquire<br>Cole, Scott & Kissane, PA<br>Suite 1400<br>9150 S Dadeland Blvd<br>Miami, FL 33156<br>305/350-5300<br>305/373-2294 (fax)<br>alejandro.perez@csklegal.com | representing | Honora Kreitner<br>*(Defendant)* |
| Barry A. Postman, Esquire<br>Cole, Scott & Kissane, PA<br>2nd Floor<br>1645 Palm Beach Lakes Blvd<br>West Palm Beach, FL 33401<br>561/383-9200<br>561/683-8977 (fax)<br>postman@csklegal.com | representing | Samir Cabrera<br>*(Defendant)* |
| Robert J. Pratte, Esquire<br>DLA Piper US, LLP<br>90 South Seventh St., Suite 5100<br>Minneapolis, MN 55402<br>612-524-3030<br>robert.pratte@dlapiper.com | representing | Bruce Robb<br>*(Defendant)* |

| | | |
|---|---|---|
| Gary C. Rosen, Esquire<br>Becker & Poliakoff, PA<br>Emerald Lake Corp Pk<br>3111 Stirling Rd<br>Ft Lauderdale, FL 33310-9057<br>954/987-7550<br>954/985-4176 (fax)<br>bthomas@becker-poliakoff.com | representing | Daphne Sewell<br><br>Randolph Sewell<br><br>Henriette Eshkenazi<br><br>Moses Eshkenazi<br><br>Therese Eshkenazi<br>*(Plaintifsf)* |
| Robert William Turken Esquire<br>Bilzin Sumberg Baena Price & Axelrod, LLP<br>Suite 2500<br>200 S Biscayne Blvd<br>Miami, FL 33131-5340<br>305/350-2381<br>305/351-2262 (fax)<br>rturken@bilzin.com | representing | K. Hovnanian First Homes, LLC<br>*(Defendant)* |
| S. Jonathan Vine, Esquire<br>Cole, Scott & Kissane, PA<br>2nd Floor<br>1645 Palm Beach Lakes Blvd<br>West Palm Beach, FL 33401<br>561/383-9203<br>561/683-8977 (fax)<br>jonathan.vine@csklegal.com | representing | Samir Cabrera<br>*(Defendant)* |

| | | |
|---|---|---|
| Charles Wachter, Esquire<br>Holland & Knight, LLP<br>100 N Tampa St - Ste 4100<br>PO Box 1288<br>Tampa, FL 33601-1288<br>813/227-8500<br>813/229-0134 (fax)<br>cwachter@hklaw.com | representing | First Home Builders Of Florida<br><br>First Home Builders Of Florida I, LLC<br><br>Patrick Logue<br>*(Defendants)* |
| Daniel L. Wallach, Esquire<br>Becker & Poliakoff, PA<br>Emerald Lake Corp Pk<br>3111 Stirling Rd<br>Ft Lauderdale, FL 33310-9057<br>954/987-7550<br>954/985-4176 (fax)<br>dwallach@becker-poliakoff.com | representing | Daphne Sewell<br><br>Randolph Sewell<br><br>Henriette Eshkenazi<br><br>Moses Eshkenazi<br><br>Therese Eshkenazi<br>*(Plaintiffs)* |
| Jonathan Lee Riches<br>40948-018<br>WILLIAMSBURG<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. BOX 340<br>SALTERS, SC 29590<br>843/387-9400<br>PRO SE | | |

**Laura E. Ward, Esquire**
DLP Piper LLP (US)
100 North Tampa Street
Suite 2200                                    representing      **Bruce Robb**
Tampa, Florida
813/229-2111
813/229-1447 (fax)
Laura.ward@dlapiper.com


_____
WILLIAM M. RISHOI, ESQUIRE


1306/MOTION36 MERCK MEMO