**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RANDOLPH SEWELL, DAPHNE
SEWELL, MOSES ESHKENAZI,
THERESE ESHKENAZI, and HENRIETTE
ESHKENAZI, individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.    **CASE NO.: 2:07-cv-00343-FTM-29SPC**

D'ALESSANDRO & WOODYARD, INC.,
a Florida for-profit corporation; GATES,
D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company; K.
HOVNANIAN FIRST HOMES, L.L.C., a
New Jersey limited liability company;
FIRST HOME BUILDERS OF FLORIDA,
a Florida general partnership; FIRST HOME
BUILDERS OF FLORIDA I, LLC, a
Florida limited liability company; JAN
BAILLARGEON, as Personal
Representative of the ESTATE OF FRANK
D'ALESSANDRO, Deceased; SAMIR
CABRERA, an individual; HONORA
KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK
LOGUE, an individual,

    Defendants.                                    /

## DEFENDANT BRUCE A. ROBB'S MEMORANDUM ADDRESSING THE IMPACT OF MERCK & CO., INC. V. REYNOLDS

Defendant, Bruce A. Robb ("Mr. Robb"), by his undersigned attorneys and pursuant to this Court's May 4, 2010 Order [DKT 354], provides the following Memorandum addressing the impact of the Supreme Court's decision in Merck & Co., Inc. v. Reynolds, 2010 WL 1655827 (Apr. 27, 2010) on the instant case. Mr. Robb also herein adopts all arguments submitted by any other defendant that would be applicable to Mr. Robb.

## I.     Relevant Procedural Background

This action stems from alleged "misrepresentations" made in connection with Plaintiffs' purchase of real property in Lehigh Acres and Cape Coral, Florida. Plaintiffs filed their original Complaint in this matter on May 30, 2007 [DKT 1]. The Second Amended Class Action Complaint ("Complaint") [DKT 205] is the operative complaint and was filed on October 31, 2008. The Complaint alleged the following against Mr. Robb: (1) Count II - Controlling Person Liability Under Section 15(a) of the Securities Act; (2) Count III - Fraud in Violation of Section 10(b) of the Exchange Act and Rule 10b-5; (3) Count IV - Controlling Persons Liability Under Section 20(a) of the Exchange Act; (4) Count V - Violation of Section 1703 (a)(1)(A) & (B) of the Interstate Land Sales Full Disclosure Act; (5) Count VI - Fraud In Violation of Section 1703(a)(2)(A)-(C) of the Interstate Land Sales Full Disclosure Act; and, (6) Count IX - Deceptive and Unfair Trade Practices. Mr. Robb and seven other defendants filed Motions to Dismiss directed towards Plaintiffs' Complaint.

On September 10, 2009, the Court issued its Opinion and Order [DKT 290] on Defendants' motions to dismiss the Second Amended Class Action Complaint. The Court granted Mr. Robb's Motion to Dismiss with respect to Counts II, III, IV and VI. The Court denied Mr. Robb's Motion as to Counts V and IX. In its Order, the Court dismissed Count II of the Sewell Plaintiffs' claims and Counts II, III and IV of the Eshkenazi Plaintiffs' claims on the basis that the claims were untimely because the relevant statutes of limitations had run. The Court found that Plaintiffs were on inquiry notice of the facts underlying their claims as of the dates they entered into the Purchase

Agreements and that the relevant statutory periods began to run as of those dates and expired before Plaintiffs filed their original Complaint. The Court dismissed Counts III and IV of the Sewell Plaintiffs' Complaint, not on the basis of the statute of limitations, but because the Sewells failed to properly plead that defendants acted with scienter, as required to establish a § 10b-5 violation (Count III) and because Plaintiffs failed to allege a § 10b-5 violation, there can be no § 20(a) controlling persons liability (Count IV). The Court also dismissed Count VI for fraud under the Interstate Land Sales Full Disclosure Act. Thus, the only surviving claims against Mr. Robb are (1) Count V for violation of § 1703 (a)(1)(A) & (B) of the Interstate Land Sales Full Disclosure Act, and (2) Count IX for Deceptive and Unfair Trade Practices.

In its May 4, 2010 Order [DKT 354], the Court asked the parties named in the securities counts of Plaintiffs' Complaint to address the impact of <u>Merck</u> on the Court's decision dismissing certain of those securities claims on the basis of the statute of limitations. Mr. Robb sets forth below the impact of <u>Merck</u> on the Court's dismissal of the securities claims against him.

**II.     Analysis**

    a.     **<u>Merck's</u> findings**

The Supreme Court issued its opinion in <u>Merck v. Reynolds</u> on April 27, 2010. There, the Court addressed the two-year statute of limitations for private securities fraud claims brought under §§ 10(b) and 10b-5 of the Securities Exchange Act of 1934. 28 U.S.C. § 1658(b) sets forth the statute of limitations applicable to §§ 10(b) and 10b-5 claims and states that these claims "may be brought not later than the earlier of . . . 2

years after the discovery of the facts constituting the violation; or . . . 5 years after such violation." In analyzing this statute of limitations, the Court held that the two-year limitations period begins to run when the plaintiff has actually discovered or a reasonably diligent plaintiff would have discovered the facts constituting the alleged securities fraud, and that such facts include scienter. In Merck, the Court analyzed the "discovery of the facts constituting the violation" language of 28 U.S.C. § 1658(b) and interpreted this language as providing both an actual and a constructive notice provision within this statute of limitations. And although the Merck Court concluded that "inquiry notice" will not necessarily trigger the running of the limitations period, "inquiry notice" "may be useful to the extent that [it] identifies a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating." Id. at *5.

      **b.**    **Merck's application to the Court's dismissal of Plaintiffs' Section 15(a) claims against Mr. Robb as untimely (Count II)**

The findings in Merck are wholly inapplicable to the Court's dismissal of Plaintiffs' § 15(a) Securities Act Claim (Count II). The Securities Act provides that claims brought under Section 15(a) must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of due diligence." 15 U.S.C. § 77m. The statute of limitations applicable to Section 15 claims is clearly distinguishable from 28 U.S.C. § 1658(b), the statute of limitations applicable to 10(b) and 10b-5 claims and the only statute of limitations addressed in Merck. In Merck, the Court analyzed the "discovery of the facts constituting the violation" language of 28 U.S.C. § 1658(b). That language does not mirror the statutory language of 15 U.S.C. § 77m, the statute applicable to Section 15

4

claims.  In fact, in its opinion, the Supreme Court recognized the different statutory language contained in § 77m.  Id. at *10.  Therefore, Merck simply has no impact on the Court's order dismissing Count II of Plaintiffs' Complaint as untimely.

### c. Merck's application to the Court's dismissal of Plaintiffs' Section 10(b) and 10b-5 claims against Mr. Robb as untimely (Count III and IV)

Counts III and IV of the Complaint allege violations of §§ 10(b) and 10b-5 of the Securities Exchange Act.  28 U.S.C. § 1658(b) provides that these claims "may be brought not later than the earlier of . . . 2 years after the discovery of the facts constituting the violation; or  . . . 5 years after such violation."[1]

In its Order, the Court dismissed Counts III and IV of the Eshkenazi Plaintiffs' Complaint on the basis that the statute of limitations had expired.  Using an inquiry notice analysis, the Court determined that Plaintiffs were on inquiry notice as of the date they signed the Purchase Agreements and found that the statute of limitations began to run as of those dates.  It appears that if the Supreme Court's analysis in Merck has any bearing on the rulings in the instant case, it would be on the portion of the Court's Order dismissing the Eshkenazi Plaintiffs' §§ 10(b) and 10b-5 claims as untimely.

---

[1] In its Opinion and Order, the Court found that Counts III and IV of the Sewell Plaintiffs' Complaint were timely because the two year time period to bring those claims had not expired.  See [DKT 290], pp. 28-29.  However, the Court subsequently dismissed these Counts finding that the Sewells failed to properly plead that defendants acted with scienter, as required to establish a § 10b-5 violation (Count III) and because Plaintiffs' failed to allege a § 10b-5 violation, there can be no § 20(a) controlling persons liability (Count IV).  See [DKT 290], pp. 33-42.  Therefore, the Court did not rely upon the statute of limitations or an "inquiry notice" analysis in dismissing these counts, and Merck in no way impacts this ruling.

Notwithstanding <u>Merck</u>, Counts III and IV of the Eshkenazi Plaintiffs' Complaint still fail because they, just like the Sewells, have failed to plead the required scienter. In other words, there is simply no need to even conduct any analysis under <u>Merck</u> because the Eshkenazi Plaintiffs' claims still fail for the reasons that this Court fully set forth in dismissing the essentially identical §§ 10(b) and 10b-5 (Counts III and IV) claims alleged by the Sewells. <u>See</u> [DKT 290 at 33-42]. Thus, the Eshkenazi Plaintiffs failed to properly plead that defendants acted with scienter, as required to establish the § 10b-5 violations set forth in Count III. As such, there can also be no control liability under § 20(a) and Count IV also fails.

Additionally, as Mr. Robb argued in his Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint and Memorandum of Law in Support [DKT 258], the Eshkenazi Plaintiffs' §§ 10(b) and 10b-5 claims also fail because, as a matter of law, Plaintiffs' reliance was unreasonable. It is well-settled that "reliance on fraudulent representations is unreasonable as a matter of law when the alleged misrepresentations contradict the express terms of the ensuing written agreement." <u>Garcia v. Santa Maria Resort, Inc</u>., 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007). Further, Plaintiffs failed to allege any misrepresentation made by Mr. Robb that proximately caused Plaintiffs' alleged losses. Plaintiffs' claims fail because they fail to allege facts showing Plaintiffs suffered economic damages and "the untruth was in some reasonably direct, or proximate, way responsible for [their] . . . loss." <u>Robbins v. Koger Props., Inc</u>., 116 F. 3d 1441, 1447 (11th Cir. 1997). Therefore, without even having to conduct any analysis under <u>Merck</u>, the Eshkenazi Plaintiffs' claims under §§ 10(b) and 10b-5 cannot survive.

### III.     Conclusion

<u>Merck</u> is inapplicable to Plaintiffs' Section 15 claims and those claims remain untimely. And regardless of whether <u>Merck</u> affects the analysis on the statute of limitations, Plaintiffs Section 10(b) and 10b-5 claims must be dismissed because Plaintiffs have failed to plead scienter. Therefore, the Court's decision to dismiss the securities claims against Defendant Bruce A. Robb should remain unchanged.

        Respectfully submitted,

        s/ Laura E. Ward
        Ronald S. Holliday
        Florida Bar No. 612677
        ronald.holliday@dlapiper.com
        Laura E. Ward
        Florida Bar No. 0873551
        laura.ward@dlapiper.com
        **DLA PIPER LLP (US)**
        100 N. Tampa Street, Suite 2200
        Tampa, Florida 33602-5809
        T: (813) 229-2111 F:(813) 229-1447

        *-and-*

        Robert J. Pratte (admitted *Pro Hac Vice*)
        robert.pratte@dlapiper.com
        **DLA PIPER LLP (US)**
        90 South Seventh Street, Suite 5100
        Minneapolis, Minnesota 55402
        T: (612) 524-3000 F: (612) 524-3001

        **Attorneys for Defendant Bruce A. Robb**

**CERTIFICATE OF SERVICE (electronic filing)**

**I HEREBY CERTIFY** that on May 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following attorneys: Gary C. Rosen and Daniel L. Wallach, Becker & Poliakoff, P.A., Philip J. Snyderburn and William M. Rishoi, Snyderburn, Rishoi & Swann, Jon Douglas Parrish, Parrish, Lawhon & Yarnell, PA, Raquel M. Fernandez, Cozen O'Connor, Robert William Turken and Melissa Cade Pallett-Vasquez, Bilzin Sumberg Baena Price & Axelrod, LLP, Charles Wachter, Holland & Knight, LLP, Gianluca Morello, Wiand Guerra King, PL, Allison S. Bernstein, Barry A. Postman and S. Jonathan Vine, Cole, Scott & Kissane, PA, Ronald L. Buschbom, Conroy, Simberg, Ganon, Krevans & Abel, PA, and Ronald S. Holliday, Laura E. Ward and Robert A. Pratte, DLA Piper LLP (US).  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

                                                s/ Laura E. Ward
                                                Attorney