## UNITED STATED DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

RANDOLPH SEWELL, DAPHNE SEWELL
MOSES ESHKENAZI, THERESE
ESHKENAZI, and HENRIETTE
ESHKENAZI, individually and on behalf     Case No.2:07-cv-00343-JES-SPC
of all others similarly situated,

    Plaintiffs,

v.

D'ALESSANDRO & WOODYARD,
INC., a Florida for-profit corporation;
GATES, D'ALESSANDRO & WOODYARD,
LLC, a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, L.L.C.,
a New Jersey limited liability company,
FIRST HOME BUILDERS OF FLORIDA,
a Florida general partnership; FIRST HOME
BUILDERS OF FLORIDA I, LLC, a Florida
limited liability company; JAN BAILLARGEON,
as Personal Representative of the ESTATE OF
FRANK D'ALESSANDRO, Deceased;
SAMIR CABRERA, an individual;
HONORA KREITNER, an individual,
BRUCE A. ROBB, an individual, and
PATRICK LOGUE, an individual,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO COURT'S ORDERS DATED MAY 4, 2010 AND MAY 25, 2010 ADDRESSING IMPACT OF *MERCK* DECISION

Plaintiffs, RANDOLPH SEWELL, DAPHNE SEWELL, MOSES ESHKENAZI, THERESE ESHKENAZI, HENRIETTE ESHKENAZI, by and through their undersigned counsel and pursuant to this Court's Orders dated May 4, 2010 (Doc. # 354) and May 25, 2010 (Doc. #

360), hereby submit this memorandum addressing the impact of *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 2010 WL 1655827 (U.S. Apr. 27, 2010), on the case at bar, and state as follows:

1. On September 10, 2009, this Court issued an Opinion and Order (Doc. # 290) which, *inter alia*, dismissed Plaintiffs' federal securities law claims on the basis that such claims were either (a) time-barred or (b) there were insufficient allegations of scienter. Specifically, the Court relied on the statute of limitations to dismiss Count I (violation of Section 12(a)(2) of the Securities Act of 1933) and Count II ("controlling person" liability under Section 15(a) of the 1933 Act) as to each of the Plaintiffs, and to dismiss Count III (violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934) and Count IV ("controlling person" liability under Section 20(a) of the 1934 Act) with respect to the Eshkenazi Plaintiffs. As to the Sewells, the Court dismissed their Section 10(b) and Rule 10b-5 claims (and corresponding Section 20(a) claims) on the basis that they failed to adequately allege that defendants acted with scienter. (Doc. # 290, at pp. 36-42).

2. For each of its statute of limitations rulings--both with regard to Plaintiffs' Section 12(a)(2) claims and their Section 10(b) and Rule 10b-5 claims--this Court applied the standard of "inquiry notice" espoused by the Eleventh Circuit. *See, e.g., Franze v. Equitable Assurance*, 296 F.3d 1250, 1254 (11th Cir4. 2002); *Theoharous v. Fong*, 256 F.3d 1219, 1228 (11th Cir. 2001).

3. On April 27, 2010, the Supreme Court issued its decision in *Merck & Co., Inc. v. Reynolds*, 2010 WL 1655827 (Apr. 27, 2010). In *Merck*, the Supreme Court held that the statute of limitations in a securities fraud action does not begin to run until the plaintiffs discover the facts establishing *all* the elements of the violation, including "scienter." In so holding, the Court rejected the argument that the limitations period begins to run when plaintiffs are put on "inquiry notice" that a violation has occurred, which was the standard employed in the Eleventh Circuit at

the time that this Court issued its September 10, 2009 Opinion and Order (Doc. # 290). Instead, the Supreme Court held that a securities fraud cause of action accrues (a) when the plaintiff did in fact discover, or (b) when a "reasonably diligent" plaintiff would have discovered "the facts constituting the violation--whichever comes first." 130 S.Ct. at 1793-1798. The Court explained that "the facts constituting the violation" means facts regarding *all* elements of the violation. *Id.* Thus, facts establishing "scienter," or that a false statement was made knowingly or with severe recklessness, also must be discoverable before the limitations period will begin to run. *Id.*

4. On May 4, 2010, this Court issued an Order (Doc. # 354) acknowledging that the *Merck* decision abrogated the Eleventh Circuit "inquiry notice" standard utilized by this Court in its prior Opinion and Order, and ordered the parties to address the impact of *Merck* on this case.

5. On May 25, 2010, several of the Defendants submitted memoranda arguing that *Merck* does not impact this Court's previous dismissal of Plaintiffs' federal securities law claims. (*See* Doc. # 355-60). While conceding, as they must, that "*Merck* unquestionably changes the standards and raises the bar for when a party is deemed to have constructive notice of a possible Section 10(b)/Rule 10b-5 claim,"[1] Defendants contend that *Merck* should not change the Court's prior ruling in view of the fact that the Court also dismissed the Sewells' Section 10(b) and Rule 10b-5 claims on the basis that they did not adequately allege that the Defendants acted with the requisite "scienter" (*i.e.*, fraudulent intent). (Doc. #290, at pp. 36-42). Thus, as several of the Defendants argue, even were the Court to reach a different result on the timeliness of the Eshkenazi Plaintiffs' claims in light of *Merck*, the dismissal of their federal securities fraud claims would still be justified based upon the lack of "scienter," since the Eshkenazi Plaintiffs'

---

[1] Doc. # 358, at p. 2.

allegations of scienter are identical to those advanced by the Sewells, whose scienter allegations were deemed inadequate by the Court in its prior Opinion and Order. (Doc. #290, at pp. 36-42).

6. Plaintiffs agree that *Merck* does not revive the Eshkenazi Plaintiffs' Section 10(b) and Rule 10b-5 claims in view of this Court's prior determination that the Sewell Plaintiffs (whose allegations of scienter are identical to those advanced by the Eshkenazi Plaintiffs) "failed to properly plead that defendants acted with scienter." (Doc. # 290, at p. 42). Therefore, even were this Court to determine that the Eshkenazis' securities fraud claims are timely under a *Merck* analysis, they would still be subject to dismissal based upon this Court's scienter analysis.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiffs
P.O. Box 9057
Fort Lauderdale, FL 33310-9057
(954) 965-5049, telephone
(954) 985-4176, facsimile

By:    s/Daniel L. Wallach
     Gary C. Rosen
     Florida Bar No. 310107
     Daniel L. Wallach
     Florida Bar No. 540277

## CERTIFICATE OF SERVICE

I hereby certify that on June 8 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the notice of electronic filing is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BECKER & POLIAKOFF. P.A.

By: s/ Daniel L. Wallach
    Daniel L. Wallach

## SERVICE LIST

**Philip J. Snyderburn, Esq.**
**William M. Rishoi, Esq.**
Snyderburn, Rishoi & Swann
258 Southhall Lane, Suite 420
Maitland, FL 32751
Phone: 407/647-2005
Fax: 407/647-1522
Email: psnyderburn@srslaw.net; wrishoi@srslaw.net
Attorneys for D'Alessandro & Woodyard, Inc.
and Frank D'Alessandro

**Jon D. Parrish, Esq.**
Parrish, Lawhon & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, FL 34109
Phone: 239/566-2013
Fax: 239/566-9561
Email: jonparrish@napleslaw.us
Attorneys for Gates D'Alessandro & Woodyard, LLC

**Robert William Turken, Esq.**
Bilzin Sumberg Baena Price & Axelrod, LLP
Suite 2500
200 S Biscayne Boulevard
Miami, FL 33131-5340
Phone: 305/350-2393 or 305/350-2381
Fax: 305/351-2298 or 305/351-2262
Email: mpallett@bilzin.com; rturken@bilzin.com
Attorneys for K. Hovnanian First Homes, LLC

**Charles Wachter, Esq.**
Holland & Knight LLP
100 North Tampa Street
Tampa, Florida 33602
Phone: 813/227-6337
Fax: 813/229-0134
Email: charles.wachter@hklaw.com
Attorneys for FHBF Partners, LLP and First Home Builders Of Florida I, LLC

**Barry A. Postman, Esq.**
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
Phone: 561/383-9234 or 561/383-9203
Fax: 561/683-8977
Email: postman@csklegal.com; and jonathan.vine@csklegal.com
Attorneys for Samir Cabrera

**Ronald L. Buschbom, Esq.**
Conroy, Simberg, Ganon, Krevans Abel,
  Lurvey, Morrow & Schefer, P.A.
4315 Metro Parkway, Suite 250
Ft. Myers, Florida 33916
Phone: 239/337-1101
Fax: 239/334-3383
Email: rbuschbom@conroysimberg.com
Attorneys for Honora Kreitner, an individual

**Ronald S. Holliday, Esq.**
**Steven Douglas Knox, Esq.**
DLA Piper US, LLP
101 East Kennedy Blvd.
Suite 2000
Tampa, FL 33602
Phone: 813/229-2111 or 813/222-5922
Fax: 813/229-1447 or 813/371-1160
Email: Ronald.holliday@dlapiper.com; Douglas.knox@dlapiper.com
Attorneys for Bruce A. Robb

ACTIVE: 2994379_1