UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE ESHKENAZI,
and HENRIETTE ESHKENAZI,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

vs.                                                Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida for profit corporation;
GATES, D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, LLC, a
Florida limited liability company;
FIRST HOME BUILDERS OF FLORIDA, a
Florida general partnership; FIRST
HOME BUILDERS OF FLORIDA I, LLC, a
Florida limited liability company;
JAN BAILLARGEON, as Personal
Representative of the Estate of
Frank D'Alessandro, deceased; SAMIR
CABRERA, an individual; HONORA
KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK
LOGUE, an individual,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the Court's *sua sponte* request (Doc. #364) that the parties discuss the impact, if any, of the Supreme Court's decision in Merck & Co. Inc. v. Reynolds, 130 S. Ct. 1784 (2010). The parties have submitted their respective positions (Docs. # 355, 356, 357, 358, 359, 361).

**I.**

Count I of the Second Amended Complaint alleges that defendants Hovnanian, First Home Builders, D&W, and GDW violated Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2). Count II alleges "controlling person" liability, pursuant to Section 15 of the Securities Act of 1933, 15 U.S.C. § 77o, against defendants D'Alessandro, Cabrera, Robb, and Logue. Count III alleges that defendants First Home Builders, Hovnanian, D&W, GDW, D'Alessandro, Cabrera, Kreitner, Logue, and Robb engaged in fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240. Count III also alleges that these defendants violated subparagraph (b) of Rule 10b-5 by making specific misstatements of material fact in order to induce plaintiffs to purchase the various real estate investments. Count IV alleges "controlling person" liability under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), against D'Alessandro, Cabrera, Robb, and Logue.

The claims in Counts I and II must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of due diligence," 15 U.S.C. § 77m. The claims in Counts III and IV "may be brought not later than the earlier of . . . 2 years after the discovery of the facts constituting the violation; or . . . 5 years after such violation." 28 U.S.C. § 1658(b)(1). In applying the

statute of limitations to 10b-5 claims, the Merck Court held that facts showing scienter are among the "facts constituting the violation" within the meaning of § 1658(b)(1). The Court also rejected "inquiry notice" as the point at which the statute of limitations begins to run, holding "[w]e consequently find that the 'discovery' of facts that put a plaintiff on 'inquiry notice' does not automatically begin the running of the limitations period." Merck, 130 S.Ct. at 1798. Rather, the Court concluded that the limitations period

> begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have "discover[ed] the facts constituting the violation"-whichever comes first. In determining the time at which "discovery" of those "facts" occurred, terms such as "inquiry notice" and "storm warnings" may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating. But the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered "the facts constituting the violation," including scienter-irrespective of whether the actual plaintiff undertook a reasonably diligent investigation.

Merck, 130 S.Ct. at 1798.

The undersigned's prior Opinion and Order cited and applied the "inquiry notice" principles articulated in several Eleventh Circuit cases which were abrogated in Merck (Doc. #290, pp. 22-32). That portion of the Opinion and Order discussing the statute of limitations is therefore vacated.

**II.**

With respect to Counts I and II, which are based on Section 12(a)(2) of the Securities Act, the relevant statute of limitations is "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of due diligence." 15 U.S.C. § 77m. Significantly, scienter is not an element of a Section 12(a)(2) claim. Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1277 (11th Cir. 2006); In re Morgan Stanley Information Fund Sec. Litig., 592 F.3d 347, 359-60 (2d Cir. 2010). Thus, the defendants' state of mind is not one of the "facts" a reasonably diligent plaintiff would need to discover to start the limitations clock. Rather, the 12(a)(2) clock starts ticking when a reasonably diligent plaintiff would have discovered facts which reveal an untrue statement or omission. 15 U.S.C. § 77l(a)(2); 15 U.S.C. § 77m.[1]

In the instant case, a reasonably diligent plaintiff faced with the direct contradictions contained in the Purchase Agreements would have discovered the untrue statements within the one year limitations period. Therefore, Counts I and II are dismissed as to all defendants on statute of limitations grounds.

---

[1] Unlike 10b-5 claims where scienter is an element, here, there is no concern that defendants could easily evade the statute of limitations by concealing their "intent to deceive". See, e.g., Merck, 130 S. Ct. 1796 ("So long as a defendant concealed for two years that he made a misstatement with an intent to deceive, the limitations period would expire before the plaintiff had actually 'discover[ed]' the fraud.").

**III.**

With respect to Counts III and IV, which were based on Rule 10b-5 of the Securities Exchange Act, the Court found that the Sewell plaintiffs failed to sufficiently plead scienter in the Second Amended Complaint. (Doc. #290, pp. 33-42.) The allegations by the Eshkenazi plaintiffs are similar, and the Court now finds that the scienter allegations are insufficiently pled by the Eshkenazi plaintiffs in Count III. As such, there can also be no "controlling person" liability as set forth in Count IV. Therefore, the Eshkenazi plaintiffs' claims in Counts III and IV will be dismissed as to all defendants.

Accordingly, it is now

**ORDERED:**

1. The Court's Opinion and Order (Doc. #290) is amended as follows:

(A) Counts I and II are dismissed on statute of limitations grounds as set forth herein.

(B) Counts III and IV are dismissed as to the Eshkenazi plaintiffs as to all defendants.

2. The stay of the time to file answers and affirmative defenses set forth in Doc. #354 is **vacated.** Defendants shall file

their answers within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of July, 2010.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record