UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE ESHKENAZI,
and HENRIETTE ESHKENAZI, individually and
on behalf of all others similarly situated,

                Plaintiffs,

-vs-                                              Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida for profit corporation; GATES,
D'ALESSANDRO & WOODYARD, LLC, a
Florida limited liability company; K.
HOVNANIAN FIRST HOMES, LLC, a Florida
limited liability company; FIRST HOME
BUILDERS OF FLORIDA, a Florida general
partnership; FIRST HOME BUILDERS OF
FLORIDA I, LLC, a Florida limited liability
company; JAN BAILLARGEON, as Personal
Representative of the Estate of Frank D'Alessandro,
deceased; SAMIR CABRERA, an individual;
HONORA KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK LOGUE, an
individual,

                Defendants.
_____/

**ORDER**

      This matter comes before the Court on the Plaintiffs, Randolph and Daphne Swell, Moses, Therese and Henriette Eshkenazi's Motion to Compel Better Responses to the Plaintiffs' Document Requests and Interrogatories (Doc. #402 ) filed on January 17, 2011. The Defendant K. Hovnanian Homes filed its Response in Opposition (Doc. # 411) on February 18, 2011.  The Defendant Gates

D'Alessandro & Woodyard, LLC. filed its Response in Opposition (Doc. # 416) on February 25, 2011. The Motion is now ripe for the Court's review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

### *(1) K. Hovnanian Homes*

Initially, the Court notes that the Plaintiffs' Motion to Compel does not comply with the Local Rules. The Plaintiffs move the Court to Compel responses to requests for production numbers 2, 3, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 19, 23, 24, and 25. The Plaintiffs also move to compel better responses to interrogatories 2, 3, 6, 8, 9, 11, 12, and 15. Under the Local Rules:

> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. Local Rule 3.04(a). Regarding K. Hovnanian, the Plaintiffs' Motion does not include each of the requests for production, each of the interrogatories, each of the Defendants' answers and/or objections, nor the Plaintiffs' argument as to why each request or interrogatory should be

answered. Instead, the Plaintiffs allude to the Defendants' objections and provide examples from requests for production numbers 7 and 9. Nevertheless, the Plaintiff's move the Court to compel the Defendants to produce all of the requested documents and better responses to all of the above mentioned interrogatories. The Plaintiffs' failure to comply with the Local Rules is fatal to their request and the Motion is due to be denied.

### *(2) Gates D'Alessandro & Woodyard*

The Plaintiffs' Motion specifically requests production for requests for production numbers 1 and 17. Request for production number 1 seeks "[a]ll documents relating to communications between Plaintiffs and any of the Defendants. Request for production number 2 asks for "[a]ll documents concerning any of the allegations set forth in the Complaint. In both instances, the Defendant Gates D'Alessandro & Woodyard objects arguing the requests are overbroad, vague, and not stated with reasonable particularity.

Rule 34 authorizes requests for production of documents for inspection and copying, but "[t]he request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity." Fed.R.Civ.P. 34(b). A request for "all documents and records" that relate to "any of the issues," while convenient, fails to set forth with reasonable particularity the items or category of items sought for Plaintiff's identification and production of responsive documents. Awad v. Cici Enterprises, 2006 WL 4824477, *1 n. 1 (M.D. Fla. November 20, 2006). Thus, the Defendants Gates D'Alessandro & Woodyard's objection is well taken. The Plaintiffs' request for production numbers 1 and 17 are overbroad and fail to set forth with reasonable particularity which documents are to be produce. Therefore, the Motion to Compel request for production numbers 1 and 17 are due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Randolph and Daphne Swell, Moses, Therese and Henriette Eshkenazi's Motion to Compel Better Responses to the Plaintiffs' Document Requests and Interrogatories (Doc. #402 ) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of March, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record