UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI, THERESE ESHKENAZI,
and HENRIETTE ESHKENAZI, individually and
on behalf of all others similarly situated,

                Plaintiffs,

-vs-                                                                                                         Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida for profit corporation; GATES,
D'ALESSANDRO & WOODYARD, LLC, a
Florida limited liability company; K.
HOVNANIAN FIRST HOMES, LLC, a Florida
limited liability company; FIRST HOME
BUILDERS OF FLORIDA, a Florida general
partnership; FIRST HOME BUILDERS OF
FLORIDA I, LLC, a Florida limited liability
company; JAN BAILLARGEON, as Personal
Representative of the Estate of Frank D'Alessandro,
deceased; SAMIR CABRERA, an individual;
HONORA KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK LOGUE, an
individual,

                Defendants.
_____/

**ORDER**

This matter comes before the Court on the Plaintiffs Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Plaintiffs' Document Requests and Interrogatories (Doc. #420) filed on March 14, 2011. The Defendant, K. Hovnanian First Homes, LLC.'s filed its Response in Opposition (Doc. # 421) on March 24, 2011. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

On August 27, 2010, the Plaintiffs served their first request for production and interrogatories on the Defendant. On September 2, 2010, the Plaintiffs filed a Motion for Class Certification pursuant to Fed. R. Civ. P. 23. On September 16, 2010, the Defendant moved the Court to enlarge the time to respond to the Motion for Class Certification and to stay class discovery until January 10, 2011. The Court subsequently granted the Motion. On December 21, 2010, the Defendant requested a second enlargement of time before class discovery could begin. The Court granted the second Motion and enlarged the time frame for class discovery up to and including February 9, 2011. The Defendant served its responses to the Plaintiff's discovery requests, however, the Plaintiffs object to the Defendant's answers arguing they are insufficient.

Specifically, the Plaintiffs argue the Defendant's objection to many of the discovery requests is insufficient. The Defendant objected to requests for production numbers 2, 3, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 19, 23, 24, and 25 and interrogatories numbers 2, 3, 6, 8, 9, 11, 12 and 15 with the same objection, arguing in pertinent part:

> KHFH objects to this request to the extent it seeks documents related to the sale of properties to anyone other than the named Plaintiffs in

>this case. General discovery from passive purported class members is not permitted.

If an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection. See Mann v. Island Resorts Development, Inc., 2009 WL 6409113 * 2 -3 (N.D. Fla. February 21, 2009) (waiving the objection in the case where the party filed an objection and then answered the question in spite of the objection). Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer. Simply put, the rules do not on their face give a party that option. Mann, 2009 WL 6409113 at* 2 -3. Rule 33, relating to interrogatories, states: "[e]ach interrogatory must, *to the extent it is not objected to,* be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Similarly, Rule 34(b)(2), relating to request for production, provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and *permit inspection of the rest.* Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules. Mann, 2009 WL 6409113 at* 2 -3.

Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands. Mann, 2009 WL 6409113 at* 2 -3; Consumer Electronics Association v. Compras and Buys Magazine, Inc., 2008 WL 4327253 * 2 (S.D. Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party

uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); Meese v. Eaton Manufacturing, Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173(stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Furthermore, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Mann, 2009 WL 6409113 at* 2 -3. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. Mann, 2009 WL 6409113 at* 2 -3.

In this instance, the Defendant made the same formulaic objection to most of the Plaintiffs' discovery request and then added "[n]othwithstanding the foregoing and without waiver of the objection, KHFH states . . .." and then the Defendant provides an answer or response to the discovery. Such formulaic objections which are included with an answer are not acceptable under the Federal and Local rules. As other Courts have observed, no objections are "reserved" under the rules; they are either raised or they are waived. Thus, the Defendant's formulaic objection to the Plaintiff s' discovery requests is deemed waived at this time and the objection is overruled.

Thus, the Court must look to each individual request for production and interrogatory and determine whether or not the discovery is directed to class discovery or merit discovery and whether or not the Defendant's answer will stand or if the Motion to Compel should be granted. In its Response in Opposition, the Defendant concedes that this action qualifies as a class action.

*Interrogatories*

Interrogatory number 2 specifically asks the Defendant to "[i]dentify all persons who purchased properties from FHB in Cape Coral or Lehigh Acres, Florida between September 1, 2003, and December 31, 2003." The Defendant made a general formulaic objection which has been overruled by the Court and then listed the five known Defendants in its response. The Defendant's response is insufficient. The purpose of class discovery is to determine who constitutes the members of the class. Interrogatory number 2 goes directly to the issue of who purchased properties from the Defendant and therefore, may be members of the class. Thus, the Motion is granted with regards to interrogatory number 2.    Interrogatories numbers 1, 3, 6, 8, 9, 11, 12, 13, and 15 all request information that develops the merits of the case. Therefore, the Motion to Compel the above listed interrogatories is due to be denied at this time as beyond the scope of class discovery.

*Request for Production*

Request for Production number 2 requests the Defendant to produce "[d]ocuments sufficient to identify all persons who purchased properties from FHB in Cape Coral or Lehigh Acres, Florida between September 1, 2003, and December 31, 2006." The Defendant objected but agreed to produce only the documents that applied to the five known Plaintiffs. The Defendant's objection is overruled. Moreover, the document request goes to the issue of class membership and is therefore, relevant to class discovery.

Requests for production numbers 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 23, 24, and 25 all pertain to merit discovery and are therefore premature.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Plaintiffs' Document Requests and Interrogatories (Doc. #420) is **GRANTED in part and DENIED in part.**

(1) The Plaintiffs, Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Interrogatory Number 2 is **GRANTED.**

(2) The Plaintiffs, Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Document Request for Production Number 2 is **GRANTED.**

(3) The Plaintiffs, Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Interrogatories Numbers 1, 3, 6, 8, 9, 11, 12, 13, and 15 is **DENIED**.

(4) The Plaintiffs, Randolph and Daphne Sewell, Moses Therese, and Henriette Eshkenazi's Corrected Motion to Compel Better Response to Document Request for Production Numbers 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 23, 24, and 25 is **DENIED**.

(5) The Defendant has up to and including **April 19, 2011**, to provide full and complete answers and production to the Plaintiff's discovery request as delineated in this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record