UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH SEWELL, DAPHNE SEWELL,
MOSES ESHKENAZI and THERESE
ESHKENAZI, individually and on
behalf of all others similarly
situated,

                Plaintiffs,

vs.                    Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a
Florida for profit corporation;
GATES, D'ALESSANDRO & WOODYARD, LLC,
a Florida limited liability company;
K. HOVNANIAN FIRST HOMES, LLC, a
Florida limited liability company;
FIRST HOME BUILDERS OF FLORIDA, a
Florida general partnership; FIRST
HOME BUILDERS OF FLORIDA I, LLC, a
Florida limited liability company;
JAN BAILLARGEON, as Personal
Representative of the Estate of
Frank D'Alessandro, deceased; SAMIR
CABRERA, an individual; HONORA
KREITNER, an individual; BRUCE A.
ROBB, an individual; and PATRICK
LOGUE, an individual,

                Defendants.

_____

## AMENDED PRELIMINARY APPROVAL ORDER

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Class Counsel and Class Representatives, Approval of Class Notice, and Scheduling of Fairness Hearing (Doc. #479) filed on October 12, 2011. The Parties seek preliminary approval of the Class Action Settlement

Agreement (Doc. #479-1), filed on October 12, 2011, together with Exhibits annexed thereto setting forth terms and conditions of the settlement and the dismissal of this case ("Settlement Agreement"). More specifically, the Parties seek a hearing to consider whether the proposed settlement is fair, just, reasonable and adequate; whether a dismissal and final judgment should be entered; and the amount of attorneys' fees and expenses that should be awarded to Plaintiffs' Counsel and the Representative Plaintiffs. Parties further seek to have a claims administrator approved by the Court.

Being familiar with the case, having reviewed the Settlement Agreement, and having considered the Joint Motion, the Court will grant the motion as provided below.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Class Counsel and Class Representatives, Approval of Class Notice, and Scheduling of Fairness Hearing (Doc. #479) is **GRANTED** and the Settlement Agreement is preliminarily approved subject to further consideration and a hearing.

2.  A fairness hearing shall be held before this Court on **Tuesday, December 6, at 9:00 a.m.** before the undersigned in Courtroom 6A, Sixth Floor, U.S. Courthouse & Federal Building, 2110 First Street, Fort Myers, Florida to determine (i) whether the

Action's proposed Settlement on the terms and conditions provided in the Settlement Agreement is fair, just, reasonable and adequate to the Class and should be approved by the Court; (ii) whether an Order of Final Approval as provided in Paragraph 3.1 of the Settlement Agreement should be entered in the Action; and (iii) the amount of attorneys' fees that should be awarded to Class Counsel and the amount of costs that should be awarded to the Representative Plaintiffs and Class Counsel.  The Court may adjourn the Fairness Hearing without further notice to Class members.

3.   The Court finds that the Representative Plaintiffs and Plaintiffs' Counsel fairly and adequately represent and protect the interest of the Class Members.

4.   Plaintiffs Randolph Sewell, Daphne Sewell, Moses Eshkenazi and Therese Eshkenazi shall serve as Class Representatives on behalf of the Settlement Class, and are approved as such pursuant to Fed. R. Civ. P. 23.

5.   Becker & Poliakoff, P.A. shall serve as Class Counsel.

6.   The Court approves, as to form and content, the Claim Form and the Notice Class Action Settlement, Fairness Hearing and Right to Appear (the "Notice of Proposed Settlement"), respectively, as Exhibits "A" and "C" to the Settlement Agreement and finds that the mailing and distribution of the Notice of Proposed Settlement substantially in the manner and form set forth in this Order meets the requirements of Fed. R. Civ. P. 23 and due

process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Parties are hereby authorized to retain Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a. **On or before October 31, 2011,** the Claims Administrator shall cause a copy of the Notice of Proposed Settlement and the Claim Form, substantially in the form annexed as Exhibit 3 and 1 to the Settlement Agreement, respectively, to be mailed by first class mail to all potential class members who can be identified with reasonable efforts to his or her last known address (which will be updated through the National Change of Address Database);

b. **On or before October 31, 2011,** the Claims Administrator shall publish a website containing the Notice of Proposed Settlement and the Claim Form.

c. At least **seven (7) days** before the Fairness Hearing, the Parties shall file with the Court proof as received from the Claims Administrator, by affidavit or declaration, of such mailing and publishing.

8. All Class members shall be bound by all determinations, judgments and releases in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

9.   Class members who wish to participate in the Settlement shall complete and submit Claim Form(s) in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted **no later than ninety (90) days** after the Fairness Hearing.  Any Class member who does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund.

10.  Any Class member may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of the Class member's own choice.  Any Class member who does not enter an appearance will be represented by Class Counsel.

11. Pending   final   Settlement   approval,   neither   the Plaintiffs, nor any Class member, either directly, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any or all of the Released Claims against any of the Defendants.

12.  Any person falling within the definition of the Class may, upon request, may Opt-Out of the Settlement and be excluded from the Class. Any such person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than **fourteen (14) days** before the Fairness Hearing.  A Request for Exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) a list of the person's purchases of real properties

for investment purposes from First Home Builders of Florida either in Cape Coral or Lehigh Acres, Florida, between September 1, 2003 and July 31, 2005, including the dates, the addresses, and the price paid per Property; and (3) that the Person wishes to be excluded from the Class.  All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement Agreement or the Final Judgment.

13.  Any member of the Class may appear and show cause, if he or she has any reason why (i) the proposed Settlement of the Action should or should not be approved as fair, just, reasonable and adequate, (ii) an Order and Final Judgment should or should not be entered thereon, or (iii) attorneys' fees should or should not be approved for Class Counsel and costs should or should not be approved for Representative Plaintiffs and Class Counsel; provided, however, that no Class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment approving the Settlement, or the application for the attorneys' fees and expenses award, unless that person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs to Becker & Poliakoff, P.A. c/o Gary C. Rosen, Esq., 3111 Stirling Road, Fort Lauderdale, Florida 33312, with the original of said

"Objections" simultaneously filed with the Clerk of the United States District Court for the Middle District of Florida, Fort Myers Division.  These objections must be received **no later than fourteen (14) days** before the Fairness Hearing.  Any Class member who does not make his or her objection in the time and manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement or to the award of attorneys' fees and costs to Representative Plaintiffs and Class Counsel, unless otherwise ordered by the Court.

14.  No person that is not a Class Member or Class Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund.

15.  For purposes of the Settlement, Representative Plaintiffs are named as Class Representatives, and Class Counsel are approved as such pursuant to Fed. R. Civ. P. 23.  All papers supporting the Settlement, Class Counsels' attorneys' fees, and costs of Representative Plaintiffs and Class Counsel shall be filed with the Court and served **no later than seven (7) days** before the Fairness Hearing.

16.  Neither Defendants nor Defendants' Counsel shall have any responsibility for any application for reimbursement of attorneys' fees of Class Counsel or costs of Representative Plaintiffs and

Class Counsel submitted by Representative Plaintiffs and/or Class Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17.   At the Fairness Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of costs of Representative Plaintiffs and Class Counsel shall be approved.

18. **On or before October 21, 2011,** Defendant KHFH shall provide or cause to be provided to the Claims Administrator its list of Potential Class Members as appropriate for providing notice to the Class, at which time the Claims Administrator shall promptly mail the Notice and Claim Form to such persons.  All reasonable expenses incurred in identifying and notifying Class members, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.  If the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly expended in connection with the Notice of the Settlement.

19.   Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations, documents, discussions or proceedings connected with it, shall be construed as, or as evidence of, an admission, presumption or concession by Defendants of the truth of any of the allegations in the Action, or of any

liability, fault, or wrongdoing of any kind, or that certification of a class for purposes of litigation was proper, or as an admission, presumption or concession by Plaintiffs of the lack of merit of any of the allegations in the Action.

20.   The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

–9–