```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RANDOLPH SEWELL, DAPHNE SEWELL, MOSES ESHKENAZI and THERESE ESHKENAZI, individually and on behalf of all others similarly situated,

                    Plaintiffs,

vs.                               Case No. 2:07-cv-343-FtM-29SPC

D'ALESSANDRO & WOODYARD, INC., a Florida for profit corporation; GATES, D'ALESSANDRO & WOODYARD, LLC, a Florida limited liability company; K. HOVNANIAN FIRST HOMES, LLC, a Florida limited liability company; FIRST HOME BUILDERS OF FLORIDA, a Florida general partnership; FIRST HOME BUILDERS OF FLORIDA I, LLC, a Florida limited liability company; JAN BAILLARGEON, as Personal Representative of the Estate of Frank D'Alessandro, deceased; SAMIR CABRERA, an individual; HONORA KREITNER, an individual; BRUCE A. ROBB, an individual; and PATRICK LOGUE, an individual,

                    Defendants.
_____

**FINAL ORDER APPROVING SETTLEMENT AGREEMENT, ATTORNEY FEES AND COSTS**

     This matter comes before the Court on the Joint Motion for Entry of Final Judgment Approving the Settlement and Certifying the Class filed on November 29, 2011 (Doc. #489) ("Joint Motion") and Class Counsel's Motion for Attorneys' Fees and Expenses filed on November 28, 2011 (Doc. #487). The Parties seek final Class Certification and

final approval of the Class Action Settlement Agreement (Doc. #479-1), filed on October 12, 2011, together with Exhibits annexed thereto setting forth terms and conditions of the settlement and the dismissal of this case ("Settlement Agreement"), and the award of attorney fees and costs. The Court held a hearing on the motions on December 6, 2011. For the reasons set forth below, both motions are granted.

This Final Order Approving Settlement Agreement, Attorney Fees and Costs will incorporate the Settlement Agreement's definitions by reference, and all terms used herein shall have the meanings set forth in the Settlement Agreement.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members. On October 18, 2011, pursuant to Fed. R. Civ. P. 23, this Court conditionally certified a Class of all persons who purchased one or more real properties for investment purposes from First Home Builders of Florida either in Cape Coral or Lehigh Acres, Florida, between September 1, 2003, and July 31, 2005, who suffered a monetary loss on their Properties, and who do not Opt-Out (Doc. #484). The Notice of Class Action Settlement, Fairness Hearing and Right to Appear (the "Notice") given to the Class was reasonable because it was the best notice practicable under the circumstances, including the individual notice to all Class members who could be identified through reasonable effort, and the Notice fully satisfied the requirements of Fed. R.

Civ. P. 23 and the requirements of due process. As of the deadline set by this Court in its preliminary approval order (Doc. #484), no Class Member has sought exclusion from the Class and only one class member (Doc. #486) and one non-member of the settling class (Doc. #490) objected to the Settlement. The Claims Administrator reports over 600 claims have been filed as of the date of the hearing.

To approve a class action settlement agreement, the Court must find that the settlement agreement is fair, reasonable and adequate and is not the product of collusion between the parties. Faught v. American Home Shield Corp., No. 10-12496, ___ F.3d ___, 2011 WL 5119115, *5 (11th Cir. Oct. 31, 2011); Leverso v. SouthTrust Bank of Ala, 18 F.3d 1527, 1531 (11th Cir. 1994). A district court considers the following factors: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." Faught, at *5 (citation omitted). The proponents of the settlement has the burden of developing a record demonstrating that the settlement meets this standard. Id. at *4.

After reviewing the record, and being intimately familiar with the course of this litigation, the Court finds that under all the circumstances the Settlement Agreement is, in all respects, fair,

reasonable, and adequate to the Class. All six of the relevant factors weigh heavily in favor of the settlement agreement, particularly with "the realization that compromise is the essence of settlement." Leverso, 18 F.3d at 1531. The Court, therefore, overrules the objection of the one class member. The Court specifically finds that, given the circumstances of this case, the objection that "recovery is insufficient based on the financial condition of the Defendants" is both inaccurate and, standing alone, an insufficient reason to disapprove the Settlement Agreement. While a non-class member is not authorized to file an objection, Fed. R. Civ. P. 23(e)(5), the Court has also considered the termination date of the class period and finds it to be reasonable under all the circumstances. The Court therefore approves the Settlement Agreement under Fed. R. Civ. P. 23, and grants final certification of the Class for purposes of settlement.

The Court approves of Randolph Sewell, Daphne Sewell, Moses Eshkenazi, and Therese Eshkenazi serving as Class Representatives pursuant to Fed. R. Civ. P. 23. The Court also finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11, and that the Representative Plaintiffs and Plaintiffs' Counsel fairly and adequately represented and protected the interests of the Class

Members. There has been no collusion between the parties in reaching the Settlement Agreement.

Becker & Poliakoff, P.A. is hereby approved to serve as Class Counsel on behalf of the Class. The Court further finds that Becker & Poliakoff, P.A.'s Motion for Class Counsel Fees and Costs requests a fair and reasonable percentage of the fund established for the benefit of the class. Because the percentage (30%) exceeds 25%, the Court has considered the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), and finds that each factor weighs in favor of the agreed-upon percentage. The Court hereby awards Becker & Poliakoff, P.A. attorneys' fees of $1,080,000.00. Finally, the Court finds that the $50,000 cap on costs and expenses is reasonable. The attorney fees and costs and expenses will be paid from the Settlement Payment in accordance with Paragraph 3.5 of the Settlement Agreement.

The Court approves Rust Consulting, Inc. as Claims Administrator pursuant to the Settlement Agreement.

Accordingly, it is now

**ORDERED**:

1. The Joint Motion for Entry of Final Judgment, Approval of Settlement and Class Certification (Doc. #489) is **GRANTED** as set forth below:

(a) The Parties are hereby ordered to perform all acts necessary to consummate and effectuate the Settlement Agreement in accordance with its terms and conditions.

(b) The Action and all its claims, including those of any and all Releasors against any and all Releasees, are dismissed with prejudice.

(c) The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

(d) In accordance with the Settlement Agreement, on the Effective Date, the Releasors shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all claims, demands, actions, causes of action or liability of any nature, whether known or unknown, suspected or unsuspected, which the Releasors ever had, based upon any violation alleged in the Complaint and/or any other claim which was or could have been asserted in this Action, and the Releasees shall be forever released and discharged from any and all liability with respect to such claims; provided, however, that nothing herein shall release the Parties, Class members, or Class Counsel from their obligations under the Settlement Agreement.

(e) The Settlement Agreement, and any act performed or document executed under or in furtherance of the Settlement Agreement or any

negotiation, discussion, or proceedings in connection with the Settlement Agreement:

(1) shall not be offered or received against any Releasee for any reason, including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Releasee with respect to the truth of any fact alleged by any Releasor or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Releasee;

(2) shall not be offered or received against any Releasee as evidence of or construed as or deemed evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Releasee, or against any Releasor as evidence of any infirmity in the claims of Plaintiffs and the Class;

(3) shall not be offered or received against any Releasee as evidence of or construed or deemed to be evidence of any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Settlement

Agreement, in any other civil, criminal, or administrative action or proceeding;

(4) shall not be offered, received, or construed against any Releasee as an admission or concession that the consideration to be paid pursuant to the Settlement Agreement represents the amount which could or would be recovered after trial;

(5) shall not be offered, construed, or received in evidence as an admission, concession, or presumption against any Plaintiffs or the Class that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Payment.  Any Releasee may file the Settlement Agreement and/or this Order and Final Judgment in any other action that may be brought against it in support of a defense or counterclaim based upon principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; and

(6) shall not be offered, construed, or received in evidence as an admission, concession, or presumption against any Releasee that the certification of a class for purposes of litigation was proper.

2. Class Counsel's Motion for Attorneys' Fees and Costs (Doc. #487) is **GRANTED**.  Becker & Poliakoff, P.A. is hereby awarded the sum of $1,080,000.00 in attorneys' fees and $50,000.00 in costs and

expenses, all to be paid from the Settlement Payment in accordance with Paragraph 3.5 of the Settlement Agreement.

3. Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) this Settlement Agreement's implementation and any award or distribution of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

4. The Court finds, under Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that the Final Judgment constitutes this Action's final adjudication on the merits and should be entered forthwith. The Clerk of the Court shall enter the Final Judgment incorporating the terms of the Settlement Agreement and pursuant to this Final Order Approving Settlement Agreement, Attorney Fees and Costs, dismiss this case with prejudice, terminate all deadlines and motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of December 2011.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of Record